AMANDA F. GOGGIN, EX'X, *v.* PARTHENIA E. HUTCHINSON.

Deed—Delivery—Acceptance.

    When a deed is found on record in the proper office the fact is prima facie evidence of its acceptance by the grantee.

**Married Woman's Contract.**

> While a married woman cannot bind herself personally by her contract she is capable of receiving and holding the title to real estate, and she will be bound as though by an executed contract, so far as to entitle the grantor to retain any purchase money paid him by or for her and to subject the property to the payment of any balance due thereon.

### APPEAL FROM PULASKI CIRCUIT COURT.

April 3, 1878.

OPINION BY JUDGE HINES:

That a deed is found on record in the proper office is prima facie evidence of its acceptance by the grantee. The land in contest was purchased with the knowledge, consent and approbation of Mrs. Hutchinson; the contract was made by her husband, who was present when the deed was executed; and no doubt it was delivered to him and by him lodged for record. The presumption of acceptance arising from the recording of the deed is strengthened not only by the fact that the husband was present when it was executed, but by the occupation of the property by the husband and wife.

No writing besides the deed was ever executed, and it is unreasonable to suppose that the vendee entered into possession and occupied the property from October, 1871, to February, 1874, and erected valuable improvements upon it, and paid on the purchase price more than $1,100 without any written evidence of title, and unless the deed was accepted they had none.

There is nothing in the record to show that Newland had any control of the fund paid on the land. Both the mules and the note were controlled by Mrs. Hutchinson, and with her husband's consent were paid on the purchase, and a deed was executed, and we must presume accepted and recorded with her knowledge and consent, and the contract thus completely executed. No fraud is shown and no reason appears for the rescission of the contract.

True, a married woman cannot bind herself personally by her contract, but she is capable of receiving and holding the title to real estate, and she will be bound as though by an executed contract, so far as to entitle the grantor to retain any purchase money paid him by or for her and to subject the property to the payment of any balance due thereon.

The fact that the trustee declined to accept the deed does not entitle Mrs. Hutchinson to repudiate her own and her husband's ac-

ceptance.   Newland would have been a mere naked trustee if he had accepted the deed.  The whole beneficial interest was in Mrs. Hutchinson, and the nominated trustee having refused to accept the deed, the absolute title was vested in her.

We are therefore of the opinion that the court erred in refusing to render judgment for the appellant and in rescinding the contract. Judgment *reversed* and cause remanded with directions to dismiss the cross-petition and render judgment enforcing the vendor's lien.

*Hill & Alcorn, for appellant.   W. H. Patters, for appellee.*